THE STATE v. BLAKELY, Plaintiff in Error.

Division Two, November 22, 1904.

**PLEADING:** Joining Distinct Offenses in Same Count: Election: Waiver. The joining of distinct offenses in the same count subjects the indictment to successful attack by motion to quash, or by demurrer, or gives the defendant the right to compel the State to elect upon which charge it will proceed. But if no such steps were taken at the trial, objections of that kind can not be raised for the first time on appeal.

Error to Buchanan Criminal Court.—*Hon. B. J. Casteel,* Judge.

AFFIRMED.

*F. F. Harl* for plaintiff in error.

State v. Blakely.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1)   If the indictment is bad for duplicity, it is because it charges the defendant with having set up and kept a roulette wheel, a crap table and a chuck-a-luck table, whereon he enticed and permitted divers persons to gamble. It can not be claimed that the offenses are repugnant or that they are defectively set forth.   The only argument which can be alleged against defending an indictment which contains more than one offense in the same count is that it may inconvenience and endanger the defendant in the preparation of his defense.   The objection is that, in such case, the defendant may be called upon to meet several distinct charges at the same time. The rules of criminal procedure offer ample remedies for the accused.   He may file his motion to quash the indictment, or he may demur, or he may by motion compel the prosecutor to elect on which charge he will proceed.   These privileges are vouchsafed to him.   1 Bishop's New Criminal Proc., sec. 442.   Defendant neither moved to quash the indictment, filed a demurrer nor moved to compel the State to elect upon which offense it would proceed.   Instead of doing so, he entered his plea of guilty and remained silent as to the legal propositions involved.   Having neglected to avail himself of the privileges which the law allows he has waived his right now to complain.   State v. Fox, 148 Mo. 524; State v. Armstrong, 106 Mo. 395; 1 Bishop's New Criminal Proc., sec. 442; State v. Jarvis, 18 Ore. 360; Scruggs v. State, 7 Bax. 38; People v. Burgess, 35 Cal. 118. The defendant seeks to take advantage of the defect of duplicity by writ of error, but such a defect, if such defect there be in this indictment, can not be reached either by motion in arrest or writ of error.   State v. Fox, 148 Mo. 524; Com. v. Tuck, 20 Pick. 356; Bishop's New Criminal Proc., p. 274, note 5; Nash v. Reg., 9 Cox C. C. 424; Wharton's Criminal Pl. and Prac., secs. 243, 255.

(2)   One who pleads guilty to an indictment or informa-
tion is not entitled to an appeal.   This, however, is condi-
tional that the crime is sufficiently charged so as to au-
thorize a valid judgment in the event of trial thereupon.
State v. Haller, 23 Mo. App. 460.   The defendant in a
criminal proceeding may bind himself either indirectly
by waiving rights or directly by agreement.   Here the
defendant not only waived all objections which he might
have by not insisting upon them at the proper time, but
by a direct and positive agreement as shown by the rec-
ord.   State v. Warnke, 48 Mo. 454.

FOX, J.—The indictment in this case is substan-
tially the same as in State v. Rosenblatt, reported in
185 Mo. 114.   It may be said that this indictment
charges more than one separate and distinct offense in
one count.

It is unnecessary for this court to say that, upon
the record before us, this joining of two or more offenses
in one count would subject it to successful attack by mo-
tion to quash or demurrer, or that defendant could have
compelled the State to elect upon which charge it would
proceed.   It is sufficient to say that no such steps were
taken in the trial court, and objections of that character
are not open for examination for the first time in this
court.   [State v. Fox, 148 Mo. 517, and cases cited; 1
Bishop's New Crim. Proc., sec. 442.]

There was a plea of guilty to the charges contained
in the indictment, and judgment upon that plea.

Adopting the views expressed in the Rosenblatt
case, the judgment of the trial court should be affirmed,
and it is so ordered.

*Gantt, P. J.,* concurs; *Burgess, J.,* absent.